The negroes in question were the children of negro Edna, who many years ago belonged to the plaintiff's testator; but the defendant proved a verbal gift of her to himself by the testator about sixteen or seventeen years ago. It was proven by one witness that she continued, however, in the possession of the testator, and was employed by him as his own property until his death, which happened about the month of __________ in the year ______, and during that time she had the children now in controversy. Immediately after the testator's death, the executors having taken an inventory of the estate, left the said negroes, with the other property of the deceased, in the care of the defendant until a sale should take place, which soon afterwards happened, when the defendant refused to deliver up the said negroes, and claimed them as his own property, upon which this suit was brought to this court at April Term, 1813. It was proven, also, in the trial that on the day of the gift the son, the donee, carried the slave home with him, and that she was afterwards backward and forward with the father and son, and that it was their practice for the one to assist the other in the crop, by the one who first finished, working with the other. And it was also proven that all the *Page 249 
children were born at the house of the father, and that he (322) said in allusion to the mother, "that let the possession be where it would, the property was still in the son, and that the mother would have a fine brood for the son, provided the son took care of them." The objection set up to the claim of the defendant is a provision in the act of 1806 respecting parol gifts. In addition to the foregoing testimony, it was proven by another witness that at different times he saw the negroes in possession of old Drew, and never saw them in possession of any other person, and he never heard of any other title but the plaintiff's testator's.
We have no difficulty in deciding this case. Whatever may be the effect of the act of limitations when a plaintiff shall endeavor to support his title by it in an action for personal property, we do not think necessary at this time to be decided, because this case steers clear of such question; and as to the clause in the act of 1806, requiring persons who claim slaves in virtue of parol gifts before that time made to prosecute their actions within a limited time, that also must be understood to relate to adverse claims, and can, therefore, have no bearing in this case.
Whether the witnesses who deposed to the several facts stated in the case were worthy of credit was the peculiar province of the jury to decide. If they were believed, the jury did right; and there is nothing in this case which shows that they ought not to have been believed. Taking the case, therefore, as it appears to us, whatever possession the father had, after the gift, was by the permission of the son, and, in fact, according to the joint understanding of both. Such possession, therefore, was the possession of the son, and for which the son could have maintained no action without showing that the father claimed adversely. Wherefore, we are all of opinion that the rule for a new trial should be discharged.
NOTE. — See Skinner v. Skinner, 7 N.C. 535; Lynch v. Ashe, 8 N.C. 338.
(323)